UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA

v.                                                                Case No. 3:22-CR-78 JD

NATHAN KEOSACKDY

**OPINION AND ORDER**

The defendant in this case, Nathan Keosackdy, is charged with several firearm related offenses including being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] Mr. Keosackdy has filed a motion *in limine* seeking to exclude reference to his prior felony convictions at trial. He argues the introduction of this evidence would offend his rights under the Second Amendment to the United States Constitution in light of the Supreme Court's decision in *New York State Rifle & Pistol Association v. Bruen*, 142 S.Ct. 2111 (2022). (DE 44.) The motion will be denied for the following reasons.

At the outset, the Court must note that this motion is unusual in its structure and request for relief. The Court has dealt with its fair share of criminal defendants challenging their indictments for firearms crimes in light of *Bruen*, but the relief in those cases was always a dismissal of the challenged charge. *See e.g. United States v. Rice*, No. 3:22-CR-36, 2023 WL 2560836 (N.D. Ind. Mar. 17, 2023); *United States v. Posey*, No. 2:22-CR-83, 2023 WL 1869095 (N.D. Ind. Feb. 9, 2023). Mr. Keosackdy's motion takes a considerably more roundabout path

---

[1] The other charges are for making false statements in the course of purchasing a firearm in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(1)(A), and serving as a straw buyer of a firearm in violation of 18 U.S.C. § 932(b)(1). None of these crimes feature Mr. Keosackdy's felon status as an element and thus are not implicated by this motion *in limine*. *See also United States v. Holden*, 70 F.4th 1015 (7th Cir. 2023) (statutes compelling truthful statements, such as one's indictment status, during the course of firearms transaction are not constitutionally infirm because the underlying restriction being inquired about might itself be constitutionally infirm).

but ultimately seeks similar relief. From the Court's understanding of this motion, instead of simply asking for dismissal of a charge on Second Amendment grounds, Mr. Keosackdy asks the Court to preclude the Government from introducing the evidence to prove an essential element of the § 922(g)(1) charge allegedly on Second Amendment grounds. He argues that allowing such evidence would prejudice his Second Amendment rights. The end result is the same: Mr. Keosackdy ends up at no risk of being found guilty of the § 922(g)(1) charge.

### A. Background

Some additional factual and legal background is necessary to explain Mr. Keosackdy's theory. In October 2018, Mr. Keosackdy was convicted of felony delivery/manufacturing of a controlled substance, to wit marijuana, in Cass County, Michigan. In August 2020, Mr. Keosackdy was convicted of being a felon in possession of a firearm in violation of § 922(g)(1) in this District. Mr. Keosackdy asks the Court to preclude the introduction of any evidence of his 2018 or 2020 convictions at the trial for his current charges. Mr. Keosackdy also notes that subsequent to his felony marijuana related conviction in Michigan, the state legalized recreational marijuana and suggests the Court take this into consideration in evaluating the alleged prejudice to his Second Amendment rights.

As legal background, in order to meet their burden of proof for a § 922(g)(1) charge, the Government must prove beyond a reasonable doubt that Mr. Keosackdy was a felon and knew of his felon status at the time he possessed a firearm. *See e.g. United States v. Hammond*, 996 F.3d 374, 393–94 (7th Cir. 2021) (enumerating the elements of § 922(g)(1)). Therefore, evidence of Mr. Keosackdy's prior conviction is highly relevant to determining whether he was a felon and knew of his felon status.

**B. Discussion**

The Court will not devote any considerable time seeking to untangle the reasoning behind framing this *Bruen* challenge as a motion *in limine*. Mr. Keosackdy does not dispute that evidence of his prior felony convictions is relevant to the instant charge; rather, he argues the admission of such evidence would violate his Second Amendment rights because the marijuana conviction is not the sort of offense that should interfere with that right. In his reply (DE 51), for the first time, he further notes that admission would violate Federal Rule of Evidence 403. At base, Mr. Keosackdy's prosecution for being a felon in possession of a firearm does not offend the Second Amendment and he is consequently not entitled to any relief under that theory, in the form a motion *in limine* or otherwise.

This Court has previously considered and rejected constitutional challenges to § 922(g)(1) in light of *Bruen*. In *United States v. Rice* the Court found that § 922(g)(1) satisfies the *Bruen* test and withstood both facial and as-applied challenges. 2023 WL 2560836. That is, the Court found that the regulation codified at § 922(g)(1) is consistent with the history and tradition of firearm regulation in the United States, even when applied to "non-violent" felons.[2] *Id.* This conclusion is shared by the overwhelming majority of federal courts to review this question, including a thus far unanimous consensus among the Judges of this District who have confronted the question. *See e.g. United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023) (upholding § 922(g)(1) as constitutional); *United States v. Clark*, 1:20-CR-49, 2023 WL

---

[2] In the interest of brevity, the Court will not restate the full analysis or the *Bruen* standard here, and the Court incorporates by reference the analysis and holding of *Rice*.

3

2346284 (N.D. Ind. 2023) (Brady, C.J.); *United States v. Tribble*, 2:22-CR-85, 2023 WL 2455978 (N.D. Ind. Mar. 10, 2023) (Simon, J.).

The Court recently reaffirmed the conclusion of *Rice* in the case of *United States v. Wade*, No. 3:22-CR-3, 2023 WL 6037404 (N.D. Ind. Sept. 15, 2023). In *Wade* the Court considered whether the Third Circuit decision, cited heavily in Mr. Keosackdy's motion, to partially overturn § 922(g)(1) as unconstitutional when applied to a non-violent fraudster merited a reconsideration of *Rice*'s analysis. *Range v. Att'y Gen.*, 69 F.4th 96 (3d Cir. 2023) (en banc). The answer was no. *Wade*, 2023 WL 6037404 at *2. The Court also considered the post-*Rice* case of *United States v. Bullock*, No. 3:18-CR-165, 2023 WL 4232309 (S.D. Miss. June 28, 2023) (finding § 922(g)(1) unconstitutional as-applied), in deciding *Wade*. The Court's thorough review of the reasoning in *Bullock*, as well as in *Range*, did nothing to persuade the Court that the conclusion of *Rice* should be reconsidered. The Court would also take note of the Tenth Circuit's recent decision in *Vincent v. Garland*, which held that *Bruen* did not abrogate existing circuit precedent finding that § 922(g)(1) is constitutional based on the language in *Heller v. District of Columbia* which favorably discussed felon in possession laws. 2023 WL 5988299 (10th Cir. Sept. 15, 2023).

Mr. Keosackdy also notes that subsequent to *Rice*, the Seventh Circuit remanded a *Bruen* challenge to § 922(g)(1) to the district court for further development of the historical record. *Atkinson v. Garland*, 70 F.4th 1018 (7th Cir. 2023). Mr. Keosackdy seems to suggest that *Atkinson* implicitly directs the Court to reexamine its conclusion in *Rice* because the historical arguments in *Atkinson* were insufficient to persuade the majority of the Seventh Circuit panel. The Court declines to take such a broad view of the Seventh Circuit's desire for additional facts in *Atkinson*. The principal reason for this is the unique procedural posture of *Atkinson*. The

4

district court in *Atkinson* reached its decision prior to the *Bruen* decision being announced and applied the now defunct pre-*Bruen* Second Amendment test. *Id.* at 1020. The majority of the Seventh Circuit panel concluded that the "best course" would be to remand the case for the district court to apply the *Bruen* analysis in the first instance rather than relying exclusively on the supplemental appellate briefing of the *Bruen* question. *Id.* The Court does not find that the Seventh Circuit's desire for a robust and procedurally perfected record in deciding a case of significant importance detracts from the precedential value of *Rice* and *Wade*. Further, *Atkinson* did not reach a decision on the merits of the § 922(g)(1) challenge and did not reject the reasoning of *Rice.*

      Mr. Keosackdy's note that Michigan has legalized recreational marijuana use subsequent to his 2018 conviction does not alter this analysis. Mr. Keosackdy has proffered no argument, let alone evidence, that Michigan's new marijuana regime undid his prior felony conviction. Further, governing Seventh Circuit and Supreme Court precedent holds that a § 922(g)(1) conviction may be predicated on a prior state court felony conviction, even if that conviction is subject to collateral attack or the felon status changes after the firearm conviction. *United States v. Wallace*, 280 F.3d 781, 784 n.1 (7th Cir. 2002) (collecting cases). As such, the Court has no basis to conclude Michigan's adoption of a recreational marijuana regime altered his felon status. It bears mentioning that while Mr. Keosackdy tries to characterize his felon status resting on his "possession of marijuana" (DE 44-1 at 2) his conviction is for dealing marijuana. This is a consequential distinction as "transferring marijuana for remuneration is not authorized under the MRTMA[3]" and "possession with intent to deliver marijuana [remains] a felony." *People v.*

---

[3] Michigan Regulation and Taxation of Marihuana Act. This is the act legalizing adult use of recreational marijuana.

*Terry-Outlaw*, 2023 WL 5651961 (Mich. Ct. App. Aug. 31, 2023). This forecloses Mr. Keosackdy's argument that his prior drug dealing activities have been vindicated by changes in Michigan law. The Court would also note marijuana remains a prohibited substance at the federal level and its prior decision in *United States v. Posey* suggests the Second Amendment offers no special relief to individuals involved in marijuana-based crimes. 2023 WL 1869095, at *1 (rejecting a *Bruen* challenge to 18 U.S.C. § 922(g)(3) as applied to a marijuana user).

Therefore, the holdings in *Rice* and *Wade* compel a denial of Mr. Keosackdy's motion. The fact his prior felony conviction was for a putatively non-violent marijuana crime offers him no Second Amendment immunity from prosecution, nor does it entitle him to a trump card to foil the Government's case.[4]

### C. Conclusion

Accordingly, Mr. Keosackdy's motion *in limine* is DENIED. (DE 44.)

SO ORDERED.

ENTERED: October 16, 2023

                                                    /s/ JON E. DEGUILIO
                                                    Judge
                                                    United States District Court

---

[4] Mr. Keosackdy's reply briefly argues that drug dealing for marijuana is not a crime analogous to any Founding era criminal statute. (DE 51 at 4–5.) This argument misses the mark. The *Bruen* inquiry here is whether the law precluding felons from possessing firearms is consistent with the historical tradition of firearms regulation in the United States, and not whether laws prohibiting marijuana dealing are historically grounded in the Founding.