UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 3:22-CR-78 JD |
| NATHAN KEOSACKDY | |

**OPINION AND ORDER**

The defendant, Nathan Keosackdy, is charged with four firearms related charges and scheduled to begin his trial on November 13, 2023. In advance of trial, the Government has moved in *limine* to exclude two arguments from appearing before the jury. (DE 58.) Mr. Keosackdy has responded to this motion and thus it is ripe for adjudication. Pursuant to the limits discussed in this order, the Court will grant the Government's motion.

The Government's motion seeks to bar the presentation of the following arguments to the jury: (1) that an unloaded firearm does not meet the federal definition of a firearm, and (2) that momentary possession is not sufficient to create culpability under the felon in possession of a firearm statute. *See* 18 U.S.C. § 922(g)(1). Mr. Keosackdy's reply agrees that these arguments would constitute misstatements of the law and therefore should be excluded. (DE 60). However, he requests that the Court limits its order to excluding these legal arguments and not preclude his ability to discuss the condition of the firearm or the circumstances surrounding his possession.

Regarding Mr. Keosackdy's first request, some additional context is necessary. Counts 2–4 of the Indictment charge Mr. Keosackdy with aiding and abetting the straw purchase of a firearm for him, a convicted felon, by his girlfriend. Mr. Keosackdy has indicated his theory of defense will be that his girlfriend bought the firearm for her own possession and use and therefore it was not a straw purchase. Mr. Keosackdy indicates he intends to pursue this theory

by showing evidence that he was merely helping her decide what kind of firearm to purchase. As part of this theory, he intends to provide evidence that he gave her corresponding instructions on how to accept the firearm upon purchase, i.e., unloaded and equipped with a trigger lock, and prepare it for use. Mr. Keosackdy would thus argue only the true owner of the firearm would need that operating information.

The Court agrees that there is some relevance and probative value to such evidence, which supports admissibility. *See* Fed. R. Evid. 401, 402. As such, the Court will allow Mr. Keosackdy to introduce evidence regarding his instructions to his girlfriend on how to operate a firearm and related evidence or testimony about the condition of the firearm at the time of sale.[1] The Court will caution that this line of evidence is only admissible insofar as it is probative of the girlfriend's intent to take ownership of the firearm. The Court will further caution that Mr. Keosackdy is prohibited from, directly or indirectly, arguing the condition of the gun at the time of sale negates a jury finding that it was not a firearm due to inoperability.[2]

Similarly, the Court will allow Mr. Keosackdy to introduce evidence of his manner of possession of the firearm as it may be probative of Mr. Keosackdy's ability to exercise control over the firearm. Fed. R. Evid. 401, 402. The Court would caution Mr. Keosackdy that he is prohibited from arguing, directly or indirectly, that momentary possession alone is insufficient to constitute possession under the statute.[3] Seventh Circuit caselaw clearly holds that such an

---

[1] While the condition of the firearm itself is not particularly probative of the girlfriend's intention to take ownership of the firearm, it may provide relevant context for why Mr. Keosackdy gave the specific instructions he did.

[2] The Court would especially instruct Mr. Keosackdy's counsel that he should not discuss the condition of the firearm more than is necessary. Nor should he emphasize, highlight or dwell upon the fact the firearm was in a condition where it could not be fired at a specific moment in time due to it being unloaded or equipped with a trigger lock.

[3] The Court would especially instruct Mr. Keosackdy's counsel that he should not unduly emphasize, highlight, or dwell upon the fact of how long Mr. Keosackdy physically handled the firearm.

argument is legally incorrect and therefore improper to place before a jury. *United States v. Price*, 28 F.4th 739, 755 (7th Cir. 2022) (holding a felon's possession of a firearm violates § 922(g)(1) regardless of whether the gun was loaded or if the felon intended to use it); *United States v. Matthews*, 520 F.3d 806, 806 (7th Cir. 2008) (holding that even a brief possession of a firearm is sufficient to convict under § 922(g)(1)).

Accordingly, the Government's motion in *limine* is GRANTED pursuant to the limitations discussed in this order. (DE 58.)

SO ORDERED.

ENTERED: November 7, 2023

/s/ JON E. DEGUILIO
Judge
United States District Court