UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:22-CR-00078-JD |
| ) | |
| NATHAN KEOSACKDY ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Jerome W. McKeever and Lydia T. Lucius, Assistant United States Attorneys, and submits the following memorandum in preparation for the sentencing hearing in this case.

I.   **Nature and Circumstances of the Offense**

On September 9, 2022, Keosackdy, a convicted felon, picked up a friend of his named Kaysone Chanhma and drove to Worldwide Jewelry & Pawn in Goshen, Indiana. Keosackdy told Chanhma that he wanted to go to the pawnshop to look at guns. While in the pawnshop, Keosackdy held two different black handguns. One of the firearms he handled was a black Glock 43, 9mm pistol (SN: AFZD426). Video surveillance from the store captured Keosackdy holding the gun, examining the barrel, and looking at the price tag. After handling the firearm, Keosackdy handed it to the clerk for purchase. Chanhma completed the relevant ATF Form 4473 and thereafter purchased the firearm for Keosackdy. Keosackdy carried the gun out of the store and later paid Chanhma in cash to cover part of the cost for the gun. After

1

leaving the pawnshop, Keosackdy dropped Chanhma off at home and kept the gun with him. In December 2022, police recovered the gun from a South Bend residence while searching the room of a 16-year-old juvenile probationer.

## II.     History and Characteristics of the Defendant

Keosackdy is a 25-year-old with an extensive criminal history. His first interaction with law enforcement came at the age of 14 for possession of marijuana. He has several other delinquent adjudications, including two separate adjudications for battery resulting in serious bodily injury; receiving stolen auto parts, resisting law enforcement, and operating a motor vehicle without a license; and theft.

In May 2018, Keosackdy garnered his first adult conviction for possession of marijuana. Police responded to a domestic violence call, in which they encountered Keosackdy who was in possession of 50 grams of marijuana and a firearm. He was convicted of a controlled substance offense in 2018 after pleading guilty to possession with intent to distribute marijuana.

Moreover, this case is not the first instance in which Keosackdy has unlawfully possessed a firearm or used a non-prohibited person from purchasing one for him. In April 2019, Keosackdy paid a female $600 to purchase a Glock 9mm handgun for him. *See United States v. Nathan Keosackdy*, 3:19-cr-61 (N.D. Ind. Aug. 20, 2020), DE 61 at 3-4. He pled guilty to the offense, *id.* at 56, was sentenced to a below-guidelines sentence of 30 months' imprisonment, *id.* at 66, text-only order, and was serving his supervised release term on that case when he committed the crime in this case, *id.* at 94. While this prior, nearly identical offense is troubling in and of itself, it is just one

2

of several disconcerting convictions in Keosackdy's criminal history. Additionally, Keosackdy's behavior tracks in line with the statistic that "the median time to recidivism for firearms offenders is 17 months, meaning that one-half of the firearms offenders were rearrested within 17 months of release." *U.S. Sent'g Comm'n., Recidivism Among Federal Firearms Offenders* at 17-18 (2019) (viewable at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2019/20190627_Recidivism_Firearms.pdf). Indeed, Keosackdy was released from his term of imprisonment in case number 3:19-cr-61 on October 5, 2021, and he was arrested for this offense less than a year later. Keosackdy's history shows a risk of recidivism.

Furthermore, Keosackdy has violated probation or supervised release for every single offense he has committed—including his juvenile adjudications. A petition to revoke his supervised release in case number 3:19-cr-61 is pending, and sentencing in that matter is to occur in conjunction with sentencing for the underlying offense in this case.

### III. The United States' Sentencing Recommendation

Keosackdy has not demonstrated acceptance of responsibility for his conduct in this case. He has demonstrated a tenacity for unlawfully possessing—or using other people to assist in his unlawful possession of—firearms, continued drug use, and an all-around refusal to abide by court-imposed rules and orders. A below-guidelines sentence did not deter him when he first presented to this Court. While the guidelines range helps courts avoid unwarranted sentencing disparities, *see* 18

3

U.S.C. § 3553(a)(6), Keosackdy's offense conduct, criminal history, and risk of recidivism promote a higher guideline sentence. Under the 18 U.S.C. § 3553(a) factors, a higher sentence is needed to reflect the seriousness of Keosackdy's offense, to promote respect for the law, and to provide just punishment for the offense. The government therefore recommends a sentence of 63 months' imprisonment, which is at the high-end of the guideline range, followed by a period of supervised release.

Respectfully submitted,

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

By: *s/ Jerome W. McKeever*
Jerome W. McKeever
Assistant United States Attorney
Robert A. Grant Federal Building
204 S. Main Street Room M-01
South Bend, IN 46601
(574) 236-8287
Email: jerome.mckeever@usdoj.gov

By: *s/ Lydia T. Lucius*
Lydia T. Lucius
Assistant United States Attorney
Email: lydia.lucius@usdoj.gov