IN THE UNITED STATES DISTRICT  COURT
FOR THE NORTHERN DISTRICT OF INDIANA

United States of America

3:22CR 78

vs

Hon. Jon E. DeGuilio
United States District Judge

Nathan Keosackdy

### **Defendant's Sentencing Memorandum**

Defendant accepts the fact that the trial evidence showed that on September 9, 2022 he handled and possessed two firearms, equipped with trigger locks and offered for sale by Worldwide Jewelry & Pawn in the company of Kaysone Chanhma. He accepts and stipulated that he is a convicted felon. Even though the guns for sale were equipped with trigger locks and could not be fired in the store, defendant stipulated to the expert testimony that the Glock 43, 9mm pistol was a firearm. Defendant notes that Kaysone Chanhma was on crutches in the store and that he carried the box containing the firearm out of the store for her. He notes that she paid the full purchase price for the gun with her debit card. Defendant and the Government stipulated that South Bend police officer Dakota Brink would testify that he located the Glock 9 millimeter while searching the room of a juvenile on December 22, 2022 and that Nathan

1

Keosackdy was not possessing the firearm when it was recovered.  Stipulation of Facts filed November 13, 2023.

Defendant contends that Kaysome Chanhma's trial testimony did not provide the court with reliable information and that the court should not accept the Government's arguments and inferences based on her testimony. Defendant objects to paragraphs 4 through 14 of the presentence report because the arguments and characterizations contained in the government's version are not supported by reliable information. For example in paragraph 5 the government argues that defendant handed a gun back to the clerk "for purchase" when Kaysome Chanhma's testimony did not establish the point in time when she decided to buy the Glock pistol.

Paragraphs 15 and 20 of the report apply Guideline Sec 2K2.1(a)4(A) to the possession because defendant's  October 26. 2018 Cass County Michigan marijuana conviction in case 18-010193-FH involved a quantity of marijuana (50 grams) that supported an inference that distribution was intended See Guideline Sec 4B1.2(b)(1). While this application of the guideline is correct and supports a base offense level of 20, defendant urges the court to very the offense level to

level 14 under Sec 2K2.1(6) because there was no evidence of actual distribution in the Michigan case and Michigan policy on the possession of marijuana has radically changed so that recreational marijuana is lawful.

Defendant also contends that his criminal history is overstated. The report finds 9 criminal history points. He was convicted of being a felon in possession of a firearm in case 3:19cr61 because of his felony marijuana convictions. He is on supervised release because of the 2019 felon in possession convictions. The PSR shows that defendant suffers from ADHD and depression. This raises a high probability that the defendant's drug use is at least in part an effort to self medicate to deal with those conditions. A variance to 4 criminal history points (felon in possession 3 points and being on supervised release 1 point: category III) is appropriate because so much of his history is explained by understandable drug abuse.

Finally defendant notes that there is significant potential for rehabilitation. His drug problem is amenable to treatment. He has experience in the RV industry. When at liberty he has a positive relationship with his son.

Defendant notes that his current conviction establishes a Grade B violation of his supervised release. His criminal history, even as adjusted to category III, accounts for the violation. The imposition of a concurrent sentence of 8 months Sec 7B1.4(a) is appropriate.

Defendant believes that a sentence of 21 months is sufficient but not greater than necessary.

Respectfully submitted,

 /s/ William J Stevens

William J Stevens (1989-45)
Attorney for Defendant
PO Box 747
Bridgman MI 49106
(269)469-1469
lawyer1bill@gmail.com

Certificate of Service

William J Stevens hereby certifies that on March 7, 2024 he filed rhe forgoing sentencing memorandum using the court's ECF/CM System and that system serves all counsel of record by email.

 /s / William J Stevens