IN THE UNITED STATES DISTRICT  COURT
FOR THE NORTHERN DISTRICT OF INDIANA

United States of America

                3:22CR 78

vs                  Hon. Jon E. DeGuilio
                  United States District Judge

Nathan Keosackdy

## Sentencing Memorandum—Defendant's Supplement

On April 17, 2024 the Sentencing Commission issued a proposed

amendment to the Guideline Sec.1B1.3(c ) regarding acquitted conduct as

relevant conduct.

> (c)   ACQUITTED CONDUCT.—Relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct also establishes, in whole or in part, the instant offense of conviction.

**Application Notes:**

**Commentary**

\* \* \*

10.  **Acquitted Conduct.**—Subsection (c) provides that relevant conduct does not include conduct for which the defendant was criminally charged and acquitted in federal court, unless such conduct establishes, in whole or in part, the instant offense of conviction. There may be cases in which certain conduct underlies both an acquitted charge and the instant offense of conviction. In those cases, the court is in the best position to determine whether such overlapping conduct establishes, in whole or in part, the instant offense of conviction and therefore qualifies as relevant conduct.

Defendant was acquitted on Counts 2, 3 and 4 which essentially charged that he induced Kaysone Chanhma to lie about being the actual purchaser on Form 4473 and charged that the defendant was the actual purchaser of the firearm. The Government argues that Kaysone Chanhma bought the gun for the defendant. The government also relies of Kaysone Chanhma's testimony to support the government's claim that defendant wanted to look at guns, that defendant paid Kaysone Chanhma and that defendant kept the gun when he dropped her off. The jury rejected her testimony in acquitting the defendant. Under the proposed Guideline this should not be counted as relevant conduct. When the acquitted conduct is not considered as relevant conduct, the offense boils down to the defendant handling two firearms in a gun shop and carrying a gun out of the store to help a friend on crutches. The nature and circumstances of the offense make a sentence of more than 21 months greater than necessary.

Respectfully submitted,
 /s/ William J Stevens

William J Stevens (1989-45)
Attorney for Defendant
PO Box 747  Bridgman MI 49106
(269)469-1469
lawyer1bill@gmail.com

Certificate of service

On April 18, 2024 the undersigned filed the foregoing sentencing memorandum using the court's ECF/CM System. In the ordinary course of business that system serves all counsel of record by email.

/s / William J Stevens